## FIRST DISTRICT, OCTOBER, 1892.

KANSAS GULF SHORT LINE RAILWAY COMPANY v. M. C. SCOTT.

No. 2.

1. **Opinion Evidence.**—When the facts upon which an opinion is based can be detailed by the witness to the jury, and there is no reason why the jury can not form an opinion, after hearing them for themselves, it is error to admit the opinion of the witness as evidence.

2. **Same—Example.**—The value of a railway pass for twenty-five years being in issue, the owner was asked how many trips per year he would probably have made over the road if it had not been revoked, and answered, "ten trips per month." *Held*, error to admit it.

3. **Erroneous Charge.**—The conductor doubted the validity of plaintiff's pass, and pronounced it "bogus," and told plaintiff that he would have to get off, and threatened to put him off unless he would get off voluntarily; and plaintiff declining to do so, the conductor when he arrived at a station took him by the arm and led him off. The charge was, that if the agents of defendant used abusive language or insults to plaintiff. or offered indignities to his person or character, he might recover damages therefor. The charge held not warranted by the facts.

4. **Irrelevant Evidence.**—Issue being as to the value of a railway pass for which plaintiff had given a tract of land upon which the depot stood, evidence of the increased value of other lands of plaintiff contiguous to the road by reason of the railway and depot being there was properly excluded. The price paid for a pass is not the true criterion by which to estimate its value.

APPEAL from Smith. Tried below before Hon. FELIX J. McCORD.

The opinion states the case, except the charge referred to and the second assignment of error.

The charge, so far as necessary to explain the opinion, is as follows: If plaintiff had a pass issued by the president of the defendant road good for twenty-five years, and that said pass was upon a consideration either good or valuable, plaintiff had a right to ride upon defendant's train of cars as a passenger, and was not a trespasser, and defendant company would be liable for whatever damages plaintiff sustained by being put off, and it is immaterial that the pass says "complimentary." To entitle plaintiff to recover for the value of the pass, the proof must show that it was issued upon a valuable consideration; and if said pass entered into, as the consideration, or as a part of the consideration, for plaintiff to

deed to defendant company the land described in plaintiff's petition, and the defendant's agents refused to honor it, then plaintiff would be entitled to recover for the value of the pass; and in estimating the value of the pass you will look to the time the pass was to run, the distance of the road, the facility it was to plaintiff to go to different portions of the State, either on business or pleasure, and probable number of trips he might reasonably take upon said road.

It is immaterial what the president of the road would or would not have done. If it was a part of the consideration for the deeding of the land to defendant company, and that was the contract between plaintiff and the board of directors agreed to, and the pass was filled out by the secretary under direction of the board, then plaintiff would be entitled to ride for twenty-five years, and the failure of defendant company to honor it would entitle plaintiff to recover for its value.

The second assignment of error was: "The court erred in refusing to permit the defendant to prove by the plaintiff that he had other lands lying contiguous to the land upon which the depot of defendant was located, and which land had been conveyed by plaintiff to defendant for depot purposes, and that the contiguous land was made more valuable by reason of the location of the depot upon said land."

*Finlay, Marsh & Butler*, for appellant.—This charge was not applicable to the facts as developed by the evidence. Sayles' Texas Civ. Stats., art. 1317, note 4, and authorities there cited; Railway v. Lyde, 57 Texas, 505; Railway v. Faber, 63 Texas, 344.

The charge was upon the weight of evidence and an invasion of the province of the jury. Howerton v. Holt, 23 Texas, 51; Railway v. Murphy, 46 Texas, 356; Sparks v. Dawson, 47 Texas, 138; Altgelt v. Brister, 57 Texas, 432; Railway v. Ormond, 62 Texas, 274; Frieberg v. Improvement Co., 63 Texas, 449; Heldt v. Webster, 60 Texas, 207.

*Whitaker & Bonner*, for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant to recover damages, claiming that he had been wrongfully ejected from appellant's train. The damages, which he claimed, were the amount of the fare from Wells, the station on appellant's road, at which he was put off, to Tyler, the point of his destination; for violence, insults, and indignities offered to him by the conductor in ejecting him; and the value of a pass, which he held, entitling him to ride over that road until December 31, 1908, and which, he claimed, was repudiated and rendered valueless by the action of appellant's agents. Appellant pleaded a general denial, non est factum, and other facts, which will not be noticed further, as they are not involved in the points raised in this appeal.

Verdict was rendered for appellee for $250 for the ejection, and $1000 for the value of the pass.

During the trial, appellee, Scott, testified, that the road was ninety-eight miles long; that he intended to use the pass traveling over the road, as he passed over it frequently, getting lumber to use in building, in which business he was engaged sometime ago; that he had traveled over the road on the pass without paying; and that it would have been useful to him, if honored, until A. D. 1908.

Appellee resided at Tyler, one terminus of the road, and the fare from there to Lufkin, the other terminus, was $5.90. At this point appellee was asked: "How many trips would you have probably made over defendant's road, per year, had it not revoked the pass?" Appellant objected to this, that it sought for the opinion of the witness, and that the witness should state the facts, and leave the jury to draw the conclusion. The objection being overruled, the witness answered: "I would have probably made ten trips per month."

The court charged the jury, that in estimating the value of the pass, they should, among other things, consider the number of trips plaintiff would probably have made.

This evidence of Scott is all the evidence shown in the record affecting the value of the pass.

The ruling of the court admitting this evidence is the ground of appellant's first assignment of error.

The court, in its charge, instructed the jury, that if the agents of defendant used abusive language or insults to plaintiff, or offered indignities to plaintiff's person or character, he would be entitled to recover damages therefor. Appellant's third assignment complains of this charge, because there was no evidence to warrant it.

Appellee, Scott, testified, that he got on the cars at Lufkin, and between there and Wells presented his pass to the conductor. The latter said that no such pass had ever been issued. Scott replied: "That can not be so." The conductor then said that the ticket had been scratched Scott insisted that the pass had been properly issued from the office; and the conductor again said: "No, that pass is bogus; you will have to get off;" and threatened to put Scott off, unless he would get off voluntarily. Scott said that he would not get off, but would have to be put off, as he was traveling on a good pass. The conductor waited until the train reached Wells, and then said to Scott, that he looked upon him (Scott) as a gentleman, and did not want to put him off. Scott again refused to get off; whereupon the conductor said he would take Scott by the arm and lead him off, which he did.

The conductor advised with two other employes of the railway company as to the validity of the pass, and they agreed with him that it was

not good.   This is all the evidence there is tending to show any misconduct on the part of the conductor.

We are of the opinion that both of these rulings are erroneous.   The question to Scott called for his opinion as to the number of trips he would probably have made in the future, had his pass remained in force, and the proposed evidence is not embraced within any of the exceptions to the rule which excludes mere opinions of witnesses.

No reason is seen why the facts upon which such opinion as the subject inquired about admitted of, could not have been detailed by the witness to the jury; nor why the jury could not have formed the opinion, after hearing the facts, as well as the witness.   When this is the case, opinion is not competent evidence.   Clardy v. Callicoate, 24 Texas, 172; 1 Whart. Ev., sec. 513.

This evidence was well calculated to affect the verdict of the jury, inasmuch as the probable number of trips plaintiff would have made was to be considered by them in estimating the value of the pass, and there was little other evidence upon which they could base a verdict on this point.

The evidence as to the conduct of the conductor in putting appellee off the car was not, in our opinion, such as to warrant the charge complained of in third assignment.   While his ejection of appellee may have been wrongful, it is apparent from the record that he used no " abusive language or insults to plaintiff's person or character."   His claim that the ticket was " bogus," and had " been scratched," contained no charge against appellant; on the contrary, he seems to have disclaimed any such meaning by stating that he regarded appellant as a gentleman.

The jury probably inferred from the charge quoted that they were at liberty to consider the language and the conduct of the conductor as abusive or insulting.

For these errors the judgment must be reversed.

The second assignment of error, complaining of the exclusion of evidence offered by appellee, and the fourth, fifth, and sixth assignments, attacking passages in the charge of the court, are not well taken.   The exclusion of the proposed evidence was right, and the instructions referred to present correct rules of law for the guidance of the jury.

Several propositions are stated in appellant's brief under his ninth assignment.   That assignment of error attacks the verdict of the jury as allowing excessive damages.   In view of the fact that the verdict was based, in part, upon improper testimony, and found under an erroneous instruction, no opinion we might express upon it could serve any useful purpose upon another trial.   No complaint is made of the measure of damages given in the charge except that above pointed out.

Appellant, however, contends that inasmuch as the pass for twenty-five years was given appellee for an undivided one-half interest in land conveyed by him to the railway company, valued at the time at $2000,

he can not in this suit recover more than the value of his one-half interest in such land after deducting the benefits he had received in the use of the pass for five years.

To this we can not assent. Whatever may have been the estimate put upon the land, he was entitled to the full value of that which he received in exchange for it, the ticket. If this was greater than the value of the land, he was entitled to the benefit of it. If he was wrongfully deprived by the acts of appellant of the use of the pass, before it expired, he was entitled to recover the value.

Of course if the pass was never issued for twenty-five years, but for five only, he would be entitled to nothing.

The rules given in the charge for determining the validity and effect of the pass are correct.

This disposes of the questions raised by appellant that are likely to occur on another trial.

*Reversed and remanded.*

Delivered October 11, 1892.