T. J. FREEMAN, RECEIVER INTERNATIONAL & GREAT NORTHERN RAIL-
ROAD COMPANY, V. W. K. TAYLOR.

Decided February 2, 1910.

**1.—Evidence—Opinion—Probable Conduct.**

The probability of a person acting in a certain way under given circumstances is not a question on which opinion evidence is receivable.

**2.—Same—Case Stated—Contributory Negligence.**

A servant employed about a pile driver was killed by the descending hammer slipping past the head of the pile, which had got out of line, and striking a stick with which he was trying to push the pile back into place. Issue being raised as to his contributory negligence in using the stick for such purpose in a certain manner after being warned of the danger in so doing, it was improper to permit a witness to give his opinion as to the probability of deceased so doing after receiving such warning.

Appeal from the District Court of Robertson County. Tried below before Hon. J. C. Scott.

*King & Morris* and *Doremus & Butler*, for appellant.—The objection of the defendant to the question covered by bill of exceptions should have been sustained on the ground that it called for a conclusion of the witness as to matters exclusively and peculiarly for the jury. DeWalt v. Houston & E. T. Ry. Co., 22 Texas Civ. App., 403; Wells-Fargo Exp. Co. v. Boyle, 39 Texas Civ. App., 365; Kansas, G. S. L. Ry. Co. v. Scott, 1 Texas Civ. App., 1.

Where the evidence shows that the labor being performed by the servants for the master was done in the usual and customary way, and an injury results therefrom, the law assumes the injury to be the result of a risk incident to the work and not due to negligence, and under such state of facts it is error for the court to submit the question of negligence to the jury, but as a matter of law the court should have held there was no negligence and directed a verdict for defendant. Houston & T. C. Ry. Co. v. Tierney, 72 Texas, 315; Texas & P. Ry. Co. v. Hightower, 12 Texas Civ. App., 41; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391; Galveston, H. & S. A. Ry. Co. v. Faber, 63 Texas, 344; Texas & P. Ry. Co. v. McCoy, 90 Texas, 264; Atchison, T. & S. F. Ry. Co. v. Click, 5 Texas Civ. App., 224.

Where the master has specifically warned and cautioned the servant how he should conduct himself in the performance of his work, and nevertheless he is injured, the master has done all that is required of him in law, and the plaintiff can not recover. Houston & T. C. R. Co. v. Pollock, 115 S. W., 846, 847; 1 Labatt, 948, secs. 55, 235, 246, 394; Ft. Worth & R. G. Ry. Co. v. Robinson, 37 Texas Civ. App., 465; International & G. N. R. Co. v. Royal, 37 Texas Civ. App., 261; Hightower v. Gray, 36 Texas Civ. App., 674.

When the uncontroverted evidence shows that the person was guilty of contributory negligence and such contributory negligence was the direct and proximate cause of the injury, it is the duty of the court to direct a verdict for the defendant. Sanchez v. San Antonio & A. P. Ry. Co., 88 Texas, 120; Galveston, H. & S. A. Ry. Co. v. Ryon,

80 Texas, 60-61; Crawford v. Houston & T. C. R. Co., 89 Texas, 92; Flores v. Atchison, T. & S. F. Ry. Co., 24 Texas Civ. App., 328; Ft. Worth & R. G. Ry. Co. v. Robinson, 37 Texas Civ. App., 465; International & G. N. R. Co. v. Royal, 37 Texas Civ. App., 261; Hightower v. Gray, 36 Texas Civ. App., 674.

The evidence further shows most conclusively that the verdict and judgment is against the weight and preponderance of the evidence in this, that it most conclusively fails to show any negligence or any fact wherein the defendant was negligent in causing the injury resulting in the death of Kirk Taylor. Ft. Worth & R. G. Ry. Co. v. Robinson, 37 Texas Civ. App., 465; International & G. N. R. Co. v. Royal, 37 Texas Civ. App., 261; Texas & P. Ry. Co. v. French, 86 Texas, 96; Hightower v. Gray, 36 Texas Civ. App., 674; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 22; St. Louis, A. & T. Ry. Co. v. Lemon, 83 Texas, 146; Houston & T. C. Ry. Co. v. Martin, 21 Texas Civ. App., 207; Houston & T. C. Ry. Co. v. Scott, 62 S. W., 1077; St. Louis, S. W. Ry. Co. v. Shiflet, 94 Texas, 131; Crawford v. Houston & T. C. Ry. Co., 89 Texas, 89.

*Scott Field, Bailey & Morehead* and *Woods & Graham,* for appellee, cited: Gulf, C. & S. F. Ry. Co. v. Brentford, 79 Texas, 619; International & G. N. Ry. Co. v. Garcia, 54 Texas Civ. App., 59; Missouri, V. B. & I. Co. v. Ballard, 53 Texas Civ. App., 110; Texas & P. Ry. Co. v. Tuck, 116 S. W., 622; Gulf, C. & S. F. Ry. Co. v. Jackson, 49 Texas Civ. App., 573; Texas & N. O. Ry. Co. v. Jackson, 51 Texas Civ. App., 646; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 168; Texas & N. O. Ry. Co. v. Crowder, 63 Texas, 504; Trinity County L. Co. v. Denham, 85 Texas, 56; Broadway v. San Antonio Gas Co., 24 Texas Civ. App., 603.

RICE, ASSOCIATE JUSTICE.—On the 6th of April, 1909, Kirk Taylor, while engaged with other employes of appellant repairing a bridge on its line of railway, received injuries in operating a pile driver, which resulted in his death, and this suit is brought by appellee, his father, for the benefit of himself and his wife, the mother of said Kirk Taylor, to recover damages therefor.

It was alleged that the employment of said Kirk Taylor required him to perform the duties of "lead man," together with one Bunk Crabtree; that a part of his duties was to assist in guiding the piles between the leads—two upright pieces of timber between which the hammer operated; that in the performance of this work he was directed by Alford, the vice-principal, to use and was using a "lead stick," which was a round stick about five and one-half feet long; that in the performance of this duty he was required to stand underneath the platform or deck of the piledriver, which being just above his head obstructed his view of the hammer, the top of the pile then being driven, as well as the signal man, who stood on said platform; that the piles were being driven by means of a large hammer, weighing some 2000 or 3000 pounds, which was raised by rope cables to a height of some thirty feet above the top of the piles placed between the "leads;" that the cables were operated by an engine in charge of

another employe known as the "hammer man," and that said "hammer man" applied the force which raised and lowered the hammer in accordance with signals given by the "signal man;" that this work was being done under the direction of one Alford, who was vice-principal, with authority to direct appellant and the other workmen in the performance of their duties; that while said Kirk Taylor was standing underneath the platform in readiness for the performance of his duties as such "lead man" one of the crew called the attention of said Alford to the fact that the pile then about to be driven was out of line. It was alleged that it was dangerous to strike the pile when out of line, and that said Alford, with the knowledge that the same was out of line, negligently directed the said pile to be struck with the hammer; that when the hammer fell it struck the piling a glancing blow, slipped past the head of the pile about two feet, forcing the same suddenly and with great violence further out of line, and against the hand-stick then being held by said Kirk Taylor, catching it between the leads, forcing the same suddenly around with great swiftness, whereby the same was caused to strike said Kirk Taylor under the jaw, breaking the same and driving his head violently against the bottom of the platform or deck, upon which he was standing, from which projected a tap or nut that entered his skull, crushing the same, resulting in his death.

Appellant replied by pleading the general issue, contributory negligence and assumed risk. There was a verdict and judgment for the plaintiff, from which this appeal is prosecuted.

Appellant's principal contention in the court below was that Kirk Taylor was guilty of contributory negligence in placing his head over the "lead stick," but for which he would not have been injured, and that he had been frequently warned, both by Alford and Crabtree, to keep his head from over the "lead stick."

During the trial after Crabtree, a witness for appellant, had testified that he had warned Taylor a time or two that morning to look out for the stick and not to keep his head over the same, and that Alford had also warned him, he was asked on cross-eaxmination by appellee, as shown from the bill of exceptions, the following question: "Is it likely, after being so frequently warned, that Taylor would have put his head over the stick?" To which question and the answer sought to be elicited thereby, appellant objected on the ground that said question called for the conclusion of the witness, but the court overruled said objection and permitted the witness to answer, whereupon the witness said: "It didn't look so."

This ruling is complained of by the third assignment. We think the objection should have been sustained and this testimony excluded. It was permitting the witness to give his conclusion or opinion as to what Taylor would probably have done in the event that he had been so warned. We do not think this is a matter about which opinion or expert evidence can be offered. It seems to us that the jury were as capable of saying what Taylor would likely have done in the face of such warning as the witness was. It at best was a mere matter of conjecture, and it permitted the witness to give his opinion upon

one of the salient features of the case, which was then being stressed by the defense, and therefore calculated to prejudice the rights of appellant. The assignment complaining of this ruling, in our judgment ought to be sustained. See DeWalt v. Houston, E. & W. T. Ry. Co., 22 Texas Civ. App., 403, 55 S. W., 537; Kansas, G. S. S. Ry. Co. v. Scott, 1 Texas Civ. App., 1, 20 S. W., 725-6; Clardy v. Callicoate, 24 Texas, 172.

We have carefully considered the other errors assigned, challenging the correctness of the charge of the court, as well as its failure to give several special charges requested by appellant, none of which we think are well taken. The charge, in our judgment, clearly presents the law of the case as made by the evidence, and is not subject to the objection urged against it, and the special charges, where correct, were covered by the main charge, so that their refusal was not error. For obvious reasons it is unnecessary to discuss those assignments questioning the sufficiency of the evidence to support the verdict, but for the error heretofore pointed out the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*