ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. J. H. DEMSEY.

Decided October 28, 1905.

**1.—Evidence—Opinion—Nonexpert.**

The opinion of a nonexpert witness, that from what he saw and observed of plaintiff his physical condition was such that he could not work, was not admissible in the absence of the facts upon which the opinion was based.

**2.—Same—Physician—Declaration.**

A physician can not testify as to a declaration made to him by plaintiff as to his (plaintiff's) ability to hear, where the occasion of the declaration was prepared by plaintiff for the sole purpose of furnishing the witness, as an expert, with information on which to base an opinion favorable to plaintiff.

**3.—Practice on Appeal—Bill of Exceptions.**

The Appellate Court is not required to look to the statement of facts in aid of a bill of exceptions.

**4.—Negligence—Charge—Personal Injury.**

Where in a suit for personal injury to a section hand the pleadings alleged and the evidence tended to show only one act of negligence, on the part of a foreman, upon which defendant could be held liable, it was error for the court to refuse a charge instructing that if the foreman did not do such act alleged, plaintiff could not recover.

**5.—Assumed Risk—Statement of Rule.**

A servant does not assume a risk arising from the negligence of the master, but does assume the ordinary risks incident to the particular work he engaged to do, and those obvious or known to him, or knowledge of which he must

have acquired in the prosecution of the work, whether arising from the nature of the work or the manner in which it is conducted.

**6.—Release of Damages—Fraud—Charge Without Evidence.**

Where defendant pleaded a written release of damages purporting to be signed by the plaintiff, by making his mark, and plaintiff testified that he never signed it and never saw it until the trial, the sole issue was whether or not plaintiff executed the release, and it was error to submit the issue whether or not the release was procured by false and fraudulent representations.

**7.—Same—Effect of Release.**

Under the evidence the court should have given a requested charge that the release was a bar to the action, requiring a verdict for defendant, unless it was not executed by plaintiff, and that he executed it if his name was signed thereto by another and he made his mark by touching the pen with which the mark was made.

Appeal from the District Court of Hunt. Tried below before Hon. R. L. Porter.

*E. B. Perkins* and *Templeton, Crosby & Dinsmore,* for appellant.— 1. There was no evidence whatever showing or tending to show that any of the agents of the defendant fraudulently or falsely represented to the plaintiff that the instrument he was executing was something other than a release or that any such agent fraudulently concealed from plaintiff the true nature of the instrument, or that plaintiff, relying upon any such representation, was thereby induced to execute such instrument, and the court erred in submitting any such question to the jury as a basis, in whole or in part, for a finding in favor of the plaintiff on the validity of the release. McCarty v. Railway Company, 94 Texas, 298; Quebe v. Railway Company, 77 S. W. Rep., 442; Quebe v. Railway Company, 82 S. W. Rep., 20.

TALBOT, Associate Justice.—J. H. Demsey brought this suit to recover of appellant damages alleged to have been sustained by him on account of the wreck of a handcar on which he was riding while engaged in the employ of the defendant as a section hand. It was alleged that the wreck was occasioned by reason of a lining block falling off the front end of the car while the same was being propelled along the track; that the foreman of the section crew caused the block to be put on the front end of the car when it should have been placed on the back end of the car where, if it fell off, it would not wreck the car. The defendant pleaded the general issue, contributory negligence, assumed risk, and specially that the plaintiff, for a valuable consideration, had released his claim for damages on account of the said accident. The plaintiff, by supplemental petition, denied under oath having executed any such release, and pleaded specially that if he did execute the same he did so without knowing what it was and supposing it to be something else, and that he was induced to do so by reason of fraudulent representations made to him by the agents of the defendant. The case was tried before a jury, and on October 22, 1904, the plaintiff recovered judgment for $1,750. The defendant's motions for new trial were overruled, and it appealed.

W. T. Edgar, a witness of plaintiff, was permitted to testify, over

defendant's objection, that from what he saw and observed of plaintiff while plaintiff was working for him, his physical condition was such he could not work at that time. This testimony was objected to on the ground that the same was the opinion of a nonexpert witness concerning a matter about which he was not competent to speak. The objection was well taken and should have been sustained. The answer was but the conclusion of the witness, and he had not qualified as an expert; nor was it made to appear that the testimony was "embraced within any of the exceptions to the rule which excludes mere opinions of witnesses." It is well settled that "the facts upon which the conclusion is based must be established to authorize the opinion of a nonexpert witness." The witness not being qualified to speak as expert, and failing to state the facts upon which his conclusion was predicated, the testimony objected to was not competent. (Clardy v. Callicoate, 24 Texas, 172; Railway Co. v. Scott, 1 Texas Civ. App., 1, 20 S. W. Rep., 725; Wells, Fargo Express Co. v. Boyle, 12 Ct. Rep., 164.)

Appellant's second assignment of error complains of the admission, over its objection, of the testimony of Dr. J. M. Wolfe, that the plaintiff told him he (plaintiff) could not hear a watch tick when the same was held more than five or six inches from his ear. The objections urged to this testimony were and are that the same was hearsay and self-serving. The proposition propounded under this assignment is: "That the mere declarations of the plaintiff (as detailed by the witness), made to an expert, on an occasion prepared by himself for the sole purpose of furnishing the expert with information on which to base an opinion favorable to plaintiff, was not admissible." The proposition is a correct statement of the law (Railway Co. v. Johnson, 95 Texas, 409), but the bill of exceptions reserved to the ruling of the court does not show that the declarations complained of were made on such an occasion and for the purpose suggested by the proposition, and an adverse ruling to appellant's contention is not presented for review. The bill is sufficient, perhaps, to show, and the proposition admits, that the witness was an expert. As such, his statement of the declarations complained of was admissible unless made on an occasion and for the purpose indicated in the proposition. The bill does not show they were so made, and hence it does not appear that the ruling of the court below involved the question of law contained in the proposition. It may be true, as shown by the statement contained in appellant's brief under this assignment, that the witness testified on cross-examination that his examination of plaintiff was made with a view of testifying on this trial, etc., but this court is not required to look to the evidence contained in the statement of facts in aid of a bill of exceptions. As the case will be reversed upon other grounds, it is proper to say that if, upon another trial, it should be made to appear that the witness, Dr. Wolfe, tested plaintiff's hearing by holding his watch a certain distance from his ear and asking him if he heard it tick, and that the "occasion was prepared by plaintiff for the sole purpose of furnishing said witness, as an expert, with information on which to base an opinion favorable to plaintiff," such testimony should be excluded.

The second paragraph of the court's charge is so framed, doubtless

through inadvertence, that we think it is probably subject to appellant's criticism; especially do we regard it as calculated to confuse and mislead the jury. This imperfection, however, is not likely to occur again.

Error is assigned to the refusal of the court to give appellant's special charge No. 6, which is as follows: "If the foreman, Ellis, did not direct Jones to push the lining block toward the forward end of the car, then plaintiff is not entitled to recover, and you should return a verdict for the defendant." This charge should have been given. If, as stated in the requested charge, the section foreman did not direct Jones to push the lining block toward the front end of the car, then we think the evidence failed to show any negligent act, proximately resulting in appellee's injuries, which would render appellant liable in damages on account of such injuries. The evidence upon the point is somewhat of a negative character, but sufficient, in our opinion, to raise the issue suggested by the charge. The weight to be given to the testimony is not the question. If the evidence is of such a character "that ordinary minds may differ as to the conclusion to be drawn from it," the court is not authorized to withdraw the issue to which it relates, or withhold it from the consideration of the jury. Without intimating what weight should have been given to the testimony, we regard it as sufficient to require the giving of this special charge.

The issue of assumed risk on the part of appellee was clearly raised by the evidence, but not so conclusively established as to authorize the giving of appellant's peremptory instruction, directing a verdict for appellant, and which is made the basis of its eighth assignment of error. Whether culpable negligence on the part of appellant resulting in the injuries to appellee had been established or whether appellee had assumed the risk of the injuries received, were issues of fact for the determination of the jury. Nor are we prepared to say the court erred in refusing to give appellant's special charges shown by assignments Nos. 13 and 14. The third paragraph of the court's main charge was applicable to the issue of assumed risk, and more specially applied the law to the particular facts of this case than did the special charges refused. It is not believed, however, that either of these charges comprehended and presented fully all the law applicable to appellant's defense plea of assumed risk. Appellee did not assume, when he entered the service of appellant, the risk that might arise from the negligence of appellant; but he did assume the ordinary risks incident to the particular work he engaged to do, and such risk of dangers which were obvious or known to him, or knowledge of which he must have acquired in the prosecution of such work, whether arising from the nature of the work or the manner in which it was conducted. Applying these principles to the facts of this case, if the section foreman did not direct the employe Jones to push the lining block to the front of the car, and if at the time of the wreck the tools furnished the section crew by appellant were loaded upon said car in the usual and customary way; or if said block was pushed to the front of the car by direction of the section foreman and placed in a position which would likely cause it to fall or be thrown from the car by the ordinary motion

of said car, and appellee knew the position in which said block had been placed and knew the danger, if any, to which he was exposed by reason thereof, or such danger was obvious or must, in the performance of his work, have been known to him, then in either such event he assumed the risks which might arise from the dangerous situation. On the other hand, if the block was moved to the front of the car by the command of the foreman, and this fact was not known to appellee, or, if known to him, the danger incident to the position which the block then occupied was not obvious or known to appellee and knowledge of such danger could not be imputed to him, then he did not assume the risk arising from the position in which said block had been placed. The charge of the court upon another trial, the evidence being the same as it now appears, should embody substantially the views of the law as above expressed.

In the fourth paragraph of the court's charge the jury were instructed, among other things, that if they found that the written release of plaintiff's damages on account of the accident complained of, which was plead and offered in evidence, was by the agents and servants of defendant falsely and fraudulently represented to plaintiff to be something other than a release, and that said servants fraudulently concealed from plaintiff the true nature of said instrument, and plaintiff, relying upon such representations, executed said instrument, to return a verdict for defendant. This part of the court's charge is assigned as error on the ground that such an issue was not raised by the evidence. The assignment must be sustained. There was no evidence which would have authorized the jury to find that any agent or servant of defendant made any false or fraudulent representations with regard to said release, or that the true nature of said instrument was concealed from plaintiff. The submission of these issues without any evidence to support them was highly calculated to have a prejudicial effect upon the rights of appellant and constitutes, under repeated decisions of the courts of this State, reversible error. (Andrews v. Southwick, 20 Texas, 111; Railway v. McCoy, 90 Texas, 264; Railway v. Rowland, 90 Texas, 365; Railway v. Wisener, 66 Texas, 674; Wood v. Texas Cotton Product Co., 13 Texas Ct. Rep., 534.) The issue raised by the evidence with regard to the release pleaded by defendant was whether or not said release had been executed by plaintiff: The evidence shows that plaintiff could not read and write, and that if he signed said release, the same was done by the making of his mark. Plaintiff testified that he did not sign the release, and never saw it before shown to him on the trial. Defendant, upon this issue, requested the following charge: "The release offered in evidence by the defendant is a complete bar to a recovery by the plaintiff, even if you should find that the defendant was liable for the plaintiff's injuries, unless you find from the evidence that the release was not executed by the plaintiff. The release was executed by the plaintiff if his name was signed thereto by W. P. Rowland and he made his mark by touching the pen with which the mark was made. Therefore, unless you find that the release was not in fact executed by the plaintiff, you should return a verdict for the defendant." This charge correctly ap-

plied the law to the facts as shown by the evidence, and should have been given.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*