INTERNATIONAL & G. N. R. CO. v. TATE.
(No. 5387.)

(Court of Civil Appeals of Texas. Austin. Oct. 28, 1914. Rehearing Denied Nov. 25, 1914.)

1. APPEAL AND ERROR (§ 500*) — RECORD — MATTERS PRESENTED FOR REVIEW.

The giving and refusing of instructions cannot be reviewed, where there is no bill of exceptions relating to the action of the court in these matters.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 500.*]

2. APPEAL AND ERROR (§ 544*)—EXCEPTIONS, BILL OF—NECESSITY OF ALLOWANCE OR SETTLEMENT.

Under Rev. Civ. St. art. 2063, providing that it shall be the duty of the party taking any bill of exceptions to reduce it to writing and to present it to the judge for his allowance and signature, objections to the court's charge appearing in the record could not be treated as a bill of exceptions, where they did not appear to have been presented to the judge and there was nothing to show that the court's attention was ever called thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. § 544.*]

Appeal from Falls County Court; W. E. Hunnicutt, Judge.

Action between the International & Great Northern Railroad Company and Louis Tate. From a judgment for Tate, the railroad company appeals. Affirmed.

Neff & Taylor, of Waco, for appellant. Spivey, Bartlett & Carter, of Marlin, for appellee.

JENKINS, J. The only assignments of error in this case relate to the charges given and the special charges requested and refused.

[1] There is no bill of exception in the record relating to the action of the court in these matters, for which reasons none of appellant's assignments can be considered. Art. 2061.

[2] There is in the record what purports to be "objections of defendant to the court's charge." But this cannot be treated as a bill of exceptions. It does not appear to have been presented to the judge trying the case (article 2063, R. S.), and there is nothing in the record to show that the court's attention was ever called to such objections (Railway Co. v. Battle, 169 S. W. 1048, and Railway Co. v. Feldman, 170 S. W. 133, not yet officially reported).

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

RICE, J., not sitting.