GULF, C. & S. F. RY. CO. v. GRAHAM.
(No. 5476.)

(Court of Civil Appeals of Texas. Austin. March 31, 1915.)

1. APPEAL AND ERROR ☞544—QUESTIONS· REVIEWABLE—INSTRUCTIONS—BILL OF EXCEPTIONS.

The giving or refusing of instructions cannot be reviewed; no bill of exceptions having been reserved to such rulings. Acts 33d Leg. c. 59; Rev. St. 1911, arts. 1971, 1973, 2061, 2063.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ☞544.]

2. APPEAL AND ERROR ☞760—BILL OF EXCEPTIONS—AIDER BY EVIDENCE.

· The matter of admission of a copy of a letter is not properly presented for consideration, the bill of exceptions not setting out the copy, and the brief not referring to the statement of facts showing its admission; the court not being required, in the absence of such reference, to·

look to the evidence in the statement of facts in aid of the bill.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3095; Dec. Dig. ☞760.]

3. APPEAL AND ERROR ☞1050 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error in admission of a copy of a letter to defendant carrier, giving notice of the injury to a shipment, sued for, was harmless; it not having sustained its burden, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5714, of showing it did not receive the notice required by the contract as a condition to action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☞1050.]

4. APPEAL AND ERROR ☞1050 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error in admission of evidence was harmless; similar evidence having been admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☞1050.]

Appeal from Milam County Court; John Watson, Judge.

Action by J. P. Graham against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills and A. H. Culwell, all of Galveston, for appellant. Morrison & Lewis, of Cameron, for appellee.

RICE, J. Appellee brought this suit against appellant for damages growing out of alleged injuries to a shipment of cattle from Buckholts to Galveston over appellant's line of railway, claiming that on the 15th of April, 1912, he made a contract with the agent of the company to furnish a car, and have the same in readiness for this shipment on the afternoon of said day, and that, relying upon said contract, he drove said cattle to the railroad pens, but the car was not there, whereby he was compelled to hold them in the pens for a period of 27 hours, without feed or water, and that they were negligently handled en route, skinned, bruised, and delayed in transit by reason of which he suffered damage. Appellant answered, denying the allegations of the petition, and pleading the terms of the written contract under which the shipment moved requiring notice of claim to be filed within 90 days after loss occurred, which notice it alleged was not given. It likewise pleaded that it was entitled to three days to secure cars for the shipment, and asserted that no written request therefor was ever made. There was a jury trial, resulting in a verdict and judgment for appellee for the sum of $230, from which this appeal is taken.

[1] The first, second, third, sixth, ninth, and tenth assignments of error complain either of alleged errors in the charge of the court or of the refusal to give appellant's requested charges. Appellee objects to a consideration of these assignments on the ground that there was no bill of exceptions reserved to such respective rulings of the court. The record supports this contention for which reason we are not permitted to pass upon said assignments. See Gen. Laws 1913, pp. 113–114; articles 1971, 1973, 2061, and 2063, R. S.; I. & G. N. Ry. Co. v. Tate, 170 S. W. 1061; Floegge v. Meyer et al.; 172 S. W. 194; St. Louis S. W. Ry. Co. v. Wadsack, 166 S. W. 42; T. & P. Ry. Co. v. Beaird, 169 S. W. 1050; Taylor v. Butler, 168 S. W. 1004; Heath v. Huffhines, 168 S. W. 974; Case & Co. Cutlery Co. v. Folsom, 170 S. W. 1066.

[2, 3] By the seventh assignment it is insisted that the court erred in permitting the introduction in evidence by appellee, over the objection of appellant, of the copy of a letter written by himself on May 15, 1912, to D. W. McCloud, an officer of the company, informing him of the alleged injury to said cattle on the ground that the letter itself was the best evidence; that the absence of the original had not been accounted for; and that it was not shown that any of appellant's officers or agents had received the original. The bill fails to set out the purported copy so offered, and appellant's brief does not refer to the statement of facts showing that such copy was introduced in evidence, so that the point is not properly presented for our consideration, as we are not required, in the absence of such reference, to look to the evidence contained in the statement of facts in aid of the bill. See St. Louis S. W. Ry. Co. v. Demsey, 40 Tex. Civ. App. 398, 89 S. W. 786. Besides this, we think that the admission of such copy was harmless error, for the reason that the burden of proof was upon appellant to show that it never received such notice, and it did not discharge this burden. See article 5714, Vernon's Sayles' Rev. Civ. Stats.; St. Louis Ry. Co. v. Honea, 84 S. W. 267. Appellant having failed to show that it did not receive such notice, and appellee in his brief asserting that he testified positively that he gave the proper written notice within 91 days after the damages were sustained, we overrule this assignment.

Appellant complains that the court erred in admitting in evidence, over its objection, the account sales of Vanderpool & Co. of said shipment of cattle, on the ground that the same was not a true and correct copy of the original. The bill fails to set out the account sales complained of; nor does the brief of appellant refer to the page of the statement of facts where such instrument may be found. We are not required to search the record in order to ascertain whether appellant was injured by the introduction of said copy. The question is therefore not properly presented for our consideration. See St. Louis S. W. Ry. Co. v. Demsey, supra;

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Northern Traction Co. v. Yates, 39 Tex. Civ. App. 114, 88 S. W. 285, wherein it is said:

"It is the rule in Texas, established by a long line of decisions, that a bill of exceptions should state the facts in regard to the matter of which complaint is made in such a manner as to exclude any reasonable hypothesis upon which the decision of the trial court can be explained. Every point in the bill of exceptions must be so clear and full that nothing will be left to inference or implication."

[4] But even if this were error, it is harmless because the record shows that similar evidence was offered, without objection; the plaintiff having testified that he shipped 49 head of cattle to Galveston, giving the amount in weight that they lost. Vanderpool also testified as to the market value of the cattle sold. Besides this, said witness testified that said copy of account sales was true and correct, and represented the number and weight of the cattle sold, the date they were sold, and the prices obtained therefor.

The remaining assignments complain of the insufficiency of the evidence to support the verdict. These were questions for the jury.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.