UNITED STATES & MEXICAN TRUST CO. v. AUSTIN.     (No. 436.)

(Court of Civil Appeals of Texas.     El Paso. April 15, 1915.     Rehearing Denied May 13, 1915.)

1. APPEAL AND ERROR ⊜215—PRESERVATION OF OBJECTIONS—INSTRUCTIONS.

Where the record does not show that the objection to the charge was presented to the court before the charge was read to the jury, or that the court acted on the objection made, or that any bill of exception was taken to the court's action, as required by Acts 33d Leg. c. 59, relating to instructions, the assignment of error will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309–1314; Dec. Dig. ⊜ 215.]

2. APPEAL AND ERROR ⊜301—RESERVATION OF EXCEPTIONS—RECORD.

An assignment of error that the court could not properly render judgment against appellant for more than a certain amount, not found in the motion for new trial, could not be consid-

ered on appeal, where it did not constitute an error of law apparent on the face of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. ⊜301.]

Appeal from District Court, Pecos County; W. C. Douglas, Judge.

Action by W. L. Austin against the United States & Mexican Trust Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Williams & Jackson, of Ft. Stockton, J. R. Hill, of Ft. Davis, and H. S. Garrett, of San Angelo, for appellant. W. A. Hadden, of Ft. Stockton, and Sanford & Wright, of Eagle Pass, for appellee.

WALTHALL, J.     This suit was brought by appellee against appellant on the following contract:

"W. L. Austin v. United States & Mexican Trust Company.     No. 1027.

"In District Court, Pecos County, Texas.

"In compromise and settlement of the causes of action sued upon by plaintiff herein, it is hereby agreed as follows:

"(1) The defendant, the United States & Mexican Trust Company, shall within thirty (30) days from this date pay to the plaintiff, W. L. Austin, in cash, the sum of seven hundred and thirty dollars in full settlement of the commissions claimed by plaintiff herein on account of sales to J. F. Ash, R. B. Simmons, Mrs. Elizabeth M. Durkee, or Rodney Durkee, and H. D. Thompson.

"(2) The defendant, the United States & Mexican Trust Company, agrees to immediately proceed to the collection of the remainder of the purchase price of the land described in said petition as having been sold to Jennie Brown and Mary Brown, and particularly to second annual payment upon such purchases now due, and in event of the collection of such second annual payment, or the taking by the United States & Mexican Trust Company of adequate security therefor, the trust company shall at once pay to the plaintiff herein, in cash, one thousand dollars, being the remainder of his commission on account of sale to said Jennie Brown and Mary Brown. It is further agreed that if within sixty days from this date the defendant trust company has not secured from the said Jennie Brown and Mary Brown the payment in cash of the second annual payment due upon said purchase, or the securing of the same by adequate security, that the plaintiff shall have the right to proceed on behalf of the trust company to collect said second annual payment or the remainder due of said purchase price and upon such collection or upon the taking by said plaintiff for the trust company of adequate security for said second payment, the trust company shall pay in cash to the plaintiff the commission remaining due as aforesaid, and shall also pay to said Austin 10 per cent. of amounts collected by him or which, through his efforts, shall be adequately secured to the trust company in full satisfaction and settlement of all claims of said plaintiff for services rendered in and about the making of such collection.

"(3) It is further agreed that the United States & Mexican Trust Company shall proceed at once for the collection of the second annual payment due upon the Randall sale mentioned in the pleadings herein, and upon the receipt of the second annual payment shall at once pay in cash to the plaintiff the sum of two hundred and seventy and $^{25}/_{100}$ ($270.25) dollars, balance due upon said commission, and it

is further agreed that in the event the United States & Mexican Trust Company shall not make collection of said second annual payment within sixty days from this date, that plaintiff may, if he desired, proceed to secure collection of said second annual payment, and may arrange for the payment by said purchaser to him of the sum of two hundred and seventy and $25/100$ ($270.25) dollars and the payment of the remainder of said second annual payment to the trust company.

"(4) The plaintiff herein acknowledges full receipt, satisfaction and settlement of any claims for salary sued for herein, and the defendant, the United States & Mexican Trust Company, acknowledges full receipt, settlement, and satisfaction of any claim on its part for expense money advanced or paid to said plaintiff.

"(5) The defendant, the United States & Mexican Trust Company, acknowledges full receipt, settlement, and satisfaction of any claim on its part for expenses or expense money advanced or paid to said plaintiff.

"Dated October 8, 1913."

The contract was signed by the respective parties by counsel. The case was tried before the court and jury and submitted by the court on special issues, and upon the answers of the jury, judgment was rendered for appellee for $2,007.25, to be reduced by a garnishment judgment of $261.65, if discharged in 60 days. •

Appellant's first assignment of error and the proposition thereunder claim error in overruling its motion to set aside the verdict on the ground that the evidence wholly fails to show that it could have collected the Jennie and Mary Brown notes and the Randall notes, mentioned in the agreement quoted. The answer of the jury to the second issue was that the appellant did not use proper diligence in the collection of the notes, and the answer to the third issue was that, if the appellant had used proper diligence, it could have collected the notes in cash. Each of these findings has evidence to support it, and the court was not in error in refusing to set the verdict aside on the ground assigned. The assignment is overruled.

Appellant's second assignment complains of the fourth paragraph of the court's charge as being contradictory, uncertain, and ambiguous, and as authorizing the jury to find for the plaintiff, even though they should believe from the evidence that a sale of the lands in Pecos county under the vendor's lien or deed of trust would have resulted in the retaking of said lands by the defendant for a price less than the amount shown to be due on said purchase-money notes.

[1] Appellee objects to a consideration of this assignment, for the reason that it complains of error in the charge, and does not refer to any bill of exception as having been taken to the charge. The record shows that appellant objected to the charge on the ground stated in the assignment, and made said objection one ground for a new trial in its motion, but the record does not show that the objection to the charge was presented to the court before the charge was read to the jury, or that any action was taken by the court on the objection made, or that any bill of exception was taken to any action of the court with respect to said portion of the charge, as required by the act of the Legislature approved March 29, 1913 (Gen. Laws 1913, p. 113). Heath v. Huffhines, 168 S. W. 974; Stephenville, N. & S. T. Ry. Co. et al. v. Wheat, 173 S. W. 974. In the case of I. & G. N. Ry. Co. v. Tate, 170 S. W. 1061, the Third Court of Appeals said:

"There is in the record what purports to be 'objections of defendant to the court's charge.' But this cannot be treated as a bill of exceptions. It does not appear to have been presented to the judge trying the case, * * * and there is nothing in the record to show that the court's attention was ever called to such objections." Railway Co. v. Battle, 169 S. W. 1048; Railway Co. v. Feldman, 170 S. W. 133.

For reasons stated, the second assignment cannot be considered.

Appellant's third assignment of error complains that the court refused to submit to the jury its special charge No. 4, but appellant refers us to no bill of exception taken to the action of the court in refusing to give the charge, and, for reasons stated above, the assignment cannot be considered.

[2] Appellant's fourth assignment is in words following:

"Under the pleadings and evidence in this case, the court could not legally render judgment against appellant for anything except the $730 which it had contracted to pay appellee in cash, inasmuch as the contract provided that, unless the second annual payments were made by the Browns and Randell, or the same were secured, the company did not agree to pay Austin anything over and above the $730, and inasmuch as Austin had the right to make the said collections or take the security himself, and he and his attorneys refused in May before this trial in September, and inasmuch as the evidence fails to show that said money was collected or said security taken, it was error to render judgment against appellant for more than the $730."

The assignment is based on the proposition that Austin, under the contract quoted, had the right to collect the notes, and, the contract providing that he should be paid additionally only upon payment of the second annual payments, or the securing of adequate security, he was not entitled to recover more than the $730, unless the evidence shows either that the notes had been paid or that the security had been taken. This assignment is not found in the motion for new trial, and cannot be considered, unless the error is fundamental or error in law apparent on face of the record. It would be error to render judgment on the contract sued on for an amount additional to the $730, if Austin had assumed in the contract the collection of the notes or the securing of adequate security, and was not prevented from performing that part of the contract by appellant. But we construe the contract to mean that he had the right only to do so, and it was not alleged that he at any time undertook to exercise that right, or to collect the notes or secure security on the notes, but rather that he refused to exercise that right.

The sixth paragraph of plaintiff's petition, on which the case was tried, alleged that the defendant failed and refused to make any effort to collect the installment due on the notes or to secure additional security, but expressly repudiated and refused to carry out the compromise agreement, and so notified plaintiff, and notified plaintiff that defendant did not have possession of the notes, but that they were in the possession of a bank to which they had been pledged. The defendant's answer denied these allegations, and in the second subdivision of its answer pleaded as affirmative defense to plaintiff's suit for the $1,000 due as commissions on the sale of real estate that it was never within the contemplation of or assumed or agreed by the parties to the contract, that the notes should be collected out of the lands sold by foreclosure thereon, but, on the contrary, in the event of default in payment for said land, plaintiff was to receive no commissions, and that in no event could plaintiff be heard to assert that defendant should have attempted to collect said notes by foreclosure, and on these issues the case was tried. It seems to us that neither in the verbiage of the contract nor on the record is it apparent that such a construction could be given the contract, or the issues made in the pleadings. The assignment is overruled.

The fifth assignment alleges error in rendering judgment in any amount above $730, less the garnishment judgment. This assignment is not raised in the motion for new trial. The amount for which the judgment was rendered over and above $730 (less the garnishment judgment) was authorized under the second subdivision of the contract sued on. If there was error, it would not be fundamental or error of law apparent on face of record. and could not be considered, because not properly submitted.

Finding no reversible error, the case is affirmed.