WILLARD et al. v. KNOBLAUCH.
(No. 890.)

(Court of Civil Appeals of Texas. El Paso. Nov. 21, 1918.)

1. APPEAL AND ERROR &=692(1)—BILL OF EXCEPTIONS—REQUISITES.
Bill of exceptions to the overruling of objections to questions propounded to witnesses, which failed to show what the answers were, presents no reversible error.

2. PRIZE FIGHTING &=1—LEGALITY.
Prize fighting is unlawful under the laws of both Texas and New York.

3. LANDLORD AND TENANT &=29(1)—LEASE OF PREMISES — TRAINING FOR PRIZE FIGHT — RIGHT TO RECOVER RENT.
Lessor may recover rental of building let to prize fighter for training quarters, although lessor knew of the purpose for which the building would be used, since, to recover, it was only necessary to show a letting of the premises, a promise to pay the rent, and default; the action for rent not being founded on lessee's unlawful agreement with another to engage in a prize fight, and it not being unlawful to train for a prize fight.

Appeal from El Paso County Court, at Law; W. P. Brady, Judge.

Action by Charles F. Knoblauch against Jess Willard and others. Judgment for plaintiff, and defendants appeal. Affirmed.

O. R. Armstrong, of El Paso, and A. E. Crane, of Topeka, Kan., for appellants.

Beall, Kemp & Nagle and Harold Potash, all of El Paso, for appellee.

HIGGINS, J. Knoblauch rented certain premises to appellants and brought this suit to recover unpaid rents. The premises were used by Willard as training quarters for a pugilistic encounter, in which he proposed to engage with that distinguished Texan Jack Johnson, in Juarez, Mexico. Willard is another distinguished Texan, sometimes known as the "Cowboy Fighter." It

seems that this fight was to settle the rival claims of the Texans to the "Heavyweight Championship of the World." The fight did not take place in Juarez for reasons unnecessary to mention. From a judgment in favor of Knoblauch the "Cowboy Fighter" and his manager, Tom Jones, appeal. The case was tried without a jury.

[1] Error is assigned to the overruling of objections to questions propounded to various witnesses regarding the law of Mexico as to the legality of prize fights. The bills taken fail to show what the witnesses answered, and therefore present no reversible error. West End Dock Co. v. Galveston, 55 S. W. 752; Ry. Co. v. Day, 22 S. W. 772; Fields v. Haley, 52 S. W. 115; Ry. Co. v. Demsey, 40 Tex. Civ. App. 398, 89 S. W. 786. But whatever the answers may have been is immaterial under the view we take of the merits of the case.

As to those assignments which complain of the sufficiency of the evidence to support certain findings of fact made by the trial court, it is sufficient to say that the evidence amply supports the same.

[2] The contract between Willard and Johnson to fight was made in New York. Prize fighting is unlawful under the laws of both Texas and New York.

[3] There is no merit in the contention that recovery of the rents cannot be had by reason of the unlawful nature of prize fights. Every contract incidentally connected with or growing out of an illegal transaction is not necessarily tainted with its vice. In determining whether a demand connected with an illegal act can be enforced, the test is: Does the plaintiff require any aid from the illegal transaction to establish his case? In order for Knoblauch to recover, it was only necessary to show a letting of the premises, promise on the part of defendants to pay the rent, and default. It was wholly unnecessary to show the proposed use. His mere knowledge of the use for which the premises were intended, namely, training quarters for a prize fight, does not preclude recovery of the rentals. This action is in no wise founded upon the unlawful agreement of Johnson and Willard to engage in a prize fight, nor is it brought to enforce any of its stipulations or conditions. The premises were let for training quarters, and it is not unlawful for persons to train for a prize fight in Texas. Under the authorities, we think it clear that recovery was properly allowed by the court below. Oliphant v. Markham, 79 Tex. 543, 15 S. W. 569, 23 Am. St. Rep. 363; Floyd v. Patterson, 72 Tex. 202, 10 S. W. 526, 13 Am. St. Rep. 787; Bishop v. Honey, 34 Tex. 245; Futch v. Sanger, 163 S. W. 597; De Leon v. Trevino, 49 Tex. 88, 30 Am. Rep. 101; Boggess v. Lilly, 18 Tex. 200.

All assignments of error and supporting propositions have been considered, and no

---

&=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

reversible error is presented. We deem it unnecessary to discuss the same in detail.

Affirmed.