## NORVILLE v. CLARK. (No. 1671.)

Court of Civil Appeals of Texas. Beaumont.
June 14, 1928.

**1. Appeal and error ☞499(3)—Assignments on admission and rejection of evidence cannot be considered, where bills of exception do not show grounds of objection.**

Assignments on admission and rejection of evidence cannot be considered on appeal, where bills of exception do not show grounds of objection that were interposed.

**2. Appeal and error ☞692(1)—Bills of exception complaining of rejected · evidence not showing expected answers were not entitled to consideration.**

Bills of exception complaining of rejected evidence which did not show what answers witnesses would have given to proffered questions were not entitled to consideration.

**3. Husband and wife ☞265 — Husband and wife having purchased land as community property, wife owned undivided one-half interest when they executed mortgage.**

Husband and wife having purchased land as community property, wife owned an undivided one-half interest in property at time she and husband executed mortgage.

**4. Homestead ☞115(2) — Mortgage against homestead was void.**

Mortgage against homestead of mortgagors was in violation of Constitution and void.

**5. Homestead ☞115(2)—Where husband and wife executed mortgage on homestead, which was void, and mortgagee later reconveyed to husband after remarriage and widow conveyed to W. who sold to defendant, defendant, holding under mortgagee, acquired void title as against first wife.**

Where husband and J., his wife, executed mortgage on homestead which was void because in violation of Constitution, and mortgagee later reconveyed to husband after divorce of mortgagors and after husband had remarried, and his widow sold to W., who sold to defendant, defendant holding under mortgagee acquired only void title as against J. ·

**6. Trespass to try title ☞38(2)—Plaintiff need not go beyond common source of title in establishing title in trespass to try title.**

Where M. was common source of title from whom both plaintiff and defendant derived their title, it was not necessary for plaintiff to go beyond M. in establishing her title in suit in trespass to try title. ·

**7. Tenancy in common ☞15(2)—Grantor's widow holding in privity with grantor without repudiating cotenancy of grantor's divorced wife did not hold adversely.**

Where widow of defendant's remote grantor held in privity with grantor, without repudiating cotenancy of grantor's divorced wife, widow's holding was not hostile to divorced wife's claim to property because mortgage executed by her and grantor was void because on homestead property. ·

**8. Trespass to try title ☞38(1)—Defendant in trespass to try title holding under void chain of title had burden of showing payment of valuable consideration and purchase in good faith.**

Where husband and wife executed void mortgage on homestead, and mortgagee later reconveyed to husband, and after husband's death his second wife sold to W. and W. sold to defendant, defendant holding under void chain of title had burden in suit in trespass to try title to show payment of valuable consideration and purchase in good faith. ·

Error from District Court, Orange County; V. H. Stark, Judge.

Suit in the form of trespass to try title by Jane Clark against Isaac Norville. Judgment for plaintiff, and defendant brings error. Affirmed.

Adams & Bruce, of Orange, for plaintiff in error.

Dies, Stephenson & Dies, of Orange, for defendant in error.

WALKER, J. This suit was instituted by Jane Clark, a feme sole, as plaintiff, against Isaac Norville, as defendant, in the form of trespass to try title to recover the title and possession of lot No. 3 in the east one-half of block E in the city of Orange, Orange county. Defendant answered by the usual pleas, specially pleading title by limitation of three, five, and ten years and purchase in good faith. On trial to the court without a jury, judgment was in plaintiff's favor for an undivided one-half interest in the property, which the trial court supported by separate conclusions of ·fact and law, filed on request of the defendant. The appeal is by writ of error, but the parties will be referred to as appellant and appellee. ·

[1, 2] Appellant has filed numerous assignments, complaining of the admission and rejection of evidence and of the trial court's conclusions of fact and law. The assignments on the admission and rejection of evidence cannot be considered. The bills of exception do not show the grounds of objection that were interposed by appellant to the tendered evidence, nor the objections urged by him against the evidence received.

As said in Carlton v. Conkrite (Tex. Civ. App.) 249 S. W. 522:

"It is, of course, elementary that rulings of the trial court admitting or rejecting evidence, where such rulings are objected to and would be complained of in the appellate court, must be reflected by bills of exception in order to have reviewed the action of the trial court. The rule in this state is equally well settled that a bill of exception to the ruling of the trial court sustaining objections to evidence tendered by a party must show the grounds of such objections, and, failing to do so, the bill points out no error."

See, also, Skeeters v. Hodges (Tex. Civ. App.) 270 S. W. 913, and authorities there cited. The bills of exception complaining of rejected evidence are also defective, in that they do not show what answers the witnesses would have given to the proffered questions. Willard v. Knoblauch (Tex. Civ. App.) 206 S. W. 734. All objections to the trial court's conclusions of fact are overruled. All conclusions have abundant support in the evidence.

The following facts are taken from the trial court's conclusions of fact:

Prior to 1888, appellee married Alex George. In 1888 she and her husband purchased from D. Morrison, as community property, the lot in question, making it their homestead, which they occupied as such until she was divorced from George in 1899. On the 23d day of October, 1889, appellee and her husband, George, while they were occupying this property as their homestead, delivered to L. Miller a deed in writing conveying him this property. Though absolute in form, the deed was intended by the parties as a mortgage to secure a loan of $100 by Miller to George, on the agreement that Miller would reconvey the property when the debt was paid. After the execution of this deed and after George and appellee had separated, but before the divorce, George ejected his wife from possession of this lot. George then rented the property to a man named Holmes, who held possession as such tenant under George until shortly prior to 1906, when George, having in the meantime married Ella Mancy, again took personal possession of the property. While Holmes was in possession he knew of the claim of appellee, and during that time George recognized appellee's interest in the property. In 1904, Miller, on a recited consideration of $10 and other valuable consideration, reconveyed the property to George. Though reciting a consideration, in fact none was paid, except the liquidation of the old debt of 1889. Appellee contributed to the satisfaction of that debt. George rendered the property for taxation in his name prior to

1903 and subsequent to 1904, but for the years 1903 and 1904, the property was assessed for taxes in Miller's name. George and his second wife held possession until his death in 1909, and his widow held possession until on or about the 6th day of December, 1918, when she sold to C. S. Williams, who took title with actual knowledge of appellee's claim. Appellant, Isaac Norville, bought the property from Williams, taking title under a deed dated the 9th day of July, 1919, on the recited consideration of $2,250. There is no evidence that this consideration was, in fact, paid, nor was there any evidence that appellant acquired his title as an innocent purchaser; that is without knowledge of appellee's claim. No children were born to George and his second wife. There was no showing of payment of taxes. This suit was filed October 16, 1922.

The facts as stated are sufficient to support the following conclusions of law by the trial court:

[3-5] 1. Appellee was the owner of an undivided one-half interest in the property in controversy in 1889, when she and her husband executed the mortgage to Miller. This mortgage, being against their homestead, was in violation of the Constitution and therefore absolutely void, and appellant, holding under Miller, acquired only a void title.

[6] 2. D. Morrison was the common source of title from whom both appellee and appellant derived their title. Therefore, as she connected with the common source, it was not necessary for her to go beyond D. Morrison in establishing her title as plaintiff in trespass to try title. It was not necessary that she establish title from and under the original grantee.

[7] 3. Appellant did not sustain his pleas of limitation. As the widow of George held in privity with him, without repudiating the cotenancy with appellee, her holding was not hostile to appellee's claim. West Lumber Co. v. Sanders (Tex. Civ. App.) 225 S. W. 828. Those claiming under her were not in possession long enough to raise either the issues of ten or five years' limitation. As appellant did not hold under title or color of title, he did not raise the issue of three years' limitation.

[8] 4. Appellant, holding under a void chain of title, rested under the burden of showing payment of valuable consideration and purchase in good faith. No evidence was offered on either issue. It follows that the court correctly concluded that he was not an innocent purchaser.

The judgment of the trial court is therefore affirmed.