### E. E. HOLT v. E. C. CAVE.

Decided January 21, 1905.

**1.—Bill of Exceptions—Noting Exceptions in Record.**

Where the trial court overruled a motion to exclude certain evidence, and, in an entry in the record of its action on the motion, it was noted that an exception was taken to such action, this did not save the necessity of a bill of exceptions, duly allowed and approved by the court, in order to bring up such ruling on appeal, the entry of the court's action on such motion not constituting any part of the record proper.

**2.—Evidence—Objections to Admissibility—School Land Lease.**

Where a lease contract offered in evidence was objected to on the ground of illegality, and the evidence relied on to show such illegality was conflicting, the court properly refused to exclude the contract.

**3.—School Land Lease—Award—Conclusiveness.**

Proof of an award of school land by the Land Commissioner makes a prima facie case of ownership in the one receiving the award sufficient to entitle him to recover until, by proper evidence, the Commissioner is shown to have exceeded

his authority in making the award; and this rule is here applied with reference to the validity of a lease of school lands executed by the Commissioner.

**4.—Same—Lease for Benefit of Another—Collusion.**

Where school land is leased from the State, the fact that the leasing is for the benefit of another, as well as for that of the lessee, does not invalidate the lease, although such interest of another would render void a purchase of the land from the State.

**5.—Same—Public Policy—Fraud.**

One who has aided in obtaining a lease of school land, which is violative of public policy, because designed for the purpose of keeping the land off the market, can not be allowed to profit by it by having the lease declared void because of its 'illegality, in order to let in an application of his own to purchase the land, made ahead of the application of another, who waited until the expiration of the lease before applying.

Appeal from the District Court of Fisher. Tried below before Hon. H. R. Jones.

*Beall & Beall,* for appellant.

*L. B. Allen* and *A. H. Kirby,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant instituted this suit to recover from appellee the south half of section number 188, block 3, in Fisher County. The land is public school land, and claimed by appellant under his application to purchase as additional land to his home section. The defendant, to whom the land had been awarded by the Land Commissioner, pleaded the general issue and not guilty. The appellant's application antedated that of the appellee, but was rejected by the State Land Commissioner because of a lease upon the land, which appellant claims should have been no obstacle to his purchase. The appellee held under the lease. The court instructed a verdict against appellant, hence this appeal.

The question raised by the first assignment of error is probably not presented in such way as that we can consider it. After appellant had introduced certain testimony and rested, the appellee introduced the lease contract, which appellant insists is no bar to his purchase, for reasons not necessary here to notice, whereupon the appellant gave notice that at proper time he would ask the court to exclude all evidence touching this lease, and then proceeded himself to offer evidence to impeach its validity. He afterwards made a written ·motion setting forth his grounds of objection to such testimony, praying the court to exclude same from the consideration of the jury. This the court declined to do, and caused to be entered an order overruling appellant's motion, which order contained the recital that the plaintiff in open court excepted. This constitutes no part of the record proper as provided in the rules for the District and County Courts, in the sense that the same may be reviewed without a bill of exception. Rule 55. (67 S. W. Rep., 24.) But if the motion and order is to be regarded as a bill of exception, it is insufficient because in no way allowed by the court as such, or approved by him. If we consider the question, however, we are yet of the opinion that the trial court did right in refusing to exclude the testi-

mony. The testimony tended strongly to show that one Williams, whose leasehold rights appellee held at the time of the award to him, and who was himself the assignee of one Logan, the original lessee of the land, was in truth holding the land, not for himself but for Logan who for some reason, it seems, was of the opinion that he could not legally hold the lease in his own name. For the reasons that this testimony showed collusion, and that the lease being invalid as to Logan was necessarily invalid as to subsequent assignees, and that being an effort to wrongfully keep the land off the market was contrary to public policy and void, appellant sought to have the testimony excluded. But there was other testimony in conflict with this which tended to show that neither Logan nor Holt had any interest in the land or lease after the transfer to Williams, and it follows that if the question was one that could be raised at all by appellant, the testimony conflicting, as it did, his motion to exclude was properly overruled.

The next assignment of error goes to the action of the court in instructing a verdict for the appellee. The rule is now well established that proof of an award of land by the State Land Commissioner makes a prima facie case of ownership in the one so receiving the award, sufficient to entitle him to recover until by proper evidence the Commissioner of the General Land Office is shown to have exceeded his authority in making such award. (Corrigan v. Fitzsimmons, 97 Texas, 595, 10 Texas Ct. Rep., 247; Binion v. Harris, 32 Texas Civ. App., 321, 7 Texas Ct. Rep., 712; Landers v. Bolivar, 7 Texas Ct. Rep., 412; Reeves v. Smith, 23 Texas Civ. App., 711, 58 S. W. Rep., 185.)

We have carefully examined the testimony in this case and have concluded that the jury could not have based a verdict in favor of appellant upon it. The evidence wholly failing, as it does, to show that the lease to Logan in the first place was void, or that there was not a direct lease from the State to his assignee, Williams, as the evidence tends to show there was, the appellant had failed to overcome the presumptions of regularity growing out of the award to appellee. The mere fact that the evidence tended to show that Williams' lease was for the benefit, first of Logan and later of appellant, did not require the case to go to the jury, for the reason, in addition to those above given, that such holding is nowhere reprobated by statute or decision, as is the case of purchasers of school land. Besides, if the conduct of Williams in this particular was contrary to public policy as it is insisted to have been, then appellant should hardly be allowed to profit by it, since he himself testified to aiding in the furtherance of the plan to keep the land off the market.

What we have said disposes of all assignments of error adversely to appellant. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.