DOWDY et ux. v. FURTNER. (No. 5890.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 17, 1917. On Motion for Rehearing, Nov. 21, 1917.)

1. EVIDENCE ⟨key⟩151(1)—COMPETENCY—HYPOTHETICAL STATEMENTS.

In a suit to foreclose a deed of trust on land which defendants had deeded to the mortgagor, the testimony of one of the defendants that she would have told plaintiff that she claimed the property as her homestead, and that defendants would not turn it over to the mortgagors until they got a release of a lien on property taken by them in exchange, if plaintiff had told her at the time plaintiff inspected the property prior to making the loan that she was going to make a loan, was properly excluded as self-serving and hypothetical.

2. ESTOPPEL ⟨key⟩94(1)—GROUNDS—FAILURE TO ASSERT CLAIM.

Where, before the loan was made, defendants, in response to plaintiff's request, surrendered possession of the property without protest or notice of any kind of any claim to the land, though they knew their warranty deed thereto was on record, and that plaintiff on the strength of such deed was making a loan which was being used in extinguishing a lien that was superior to all other claims, they were estopped to assert that they would have given notice of their claim if told that a loan was to be made at the time.

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. TRIAL ☞41(5)—EXCLUSION OF WITNESSES —VIOLATION—EFFECT.**

On a trial without a jury, it was in the court's discretion to permit a witness to testify, though the rule had been enforced as to the other witnesses, and he had remained in the courtroom and heard the testimony of the other witnesses, especially where it did not appear that he testified to anything material, and it was not claimed that the complaining parties were injured by his testimony.

**4. ESCROWS ☞14(2)—UNAUTHORIZED DELIVERY—RATIFICATION OR ESTOPPEL.**

If, on an exchange of property, a deed was placed in escrow, the escrow was waived by not objecting to the delivery of the deed, but acquiescing in the delivery and surrendering possession of the property conveyed, and by obtaining the other papers placed in escrow, including the deed to the property received in exchange.

**5. VENDOR AND PURCHASER ☞239(1)—TITLE AND RIGHTS OF BONA FIDE PURCHASERS—HOMESTEAD.**

A claim of homestead in property conveyed by warranty deed, duly recorded, and the property surrendered to the vendee, is without foundation as against innocent purchasers.

**6. ATTORNEY AND CLIENT ☞104—NOTICE TO ATTORNEY—IMPUTING TO PRINCIPAL.**

The knowledge of an attorney of an agreement between parties placing deeds with him in escrow, which were subsequently delivered and placed on record, was not the knowledge of one afterwards employing him to pass on the title to the land conveyed by one of such deeds, where she was satisfied when he pronounced the title regular, and he never talked with her or communicated to her any facts in connection with the deed, except his representation that the deed conveyed title.

**7. PLEADING ☞21—SEQUESTRATION OF PROPERTY—APPLICATION—CONSISTENCY OF ALLEGATIONS.**

In a suit to foreclose a deed of trust and a builder's lien, there was no inconsistency in an allegation in an application for sequestration of the property that plaintiff feared that defendants, who were in possession, would make use of the possession to injure the property and convert to their own use the rents, fruits, and revenues thereof, as defendants might very consistently have been guilty of both acts about which fears were expressed.

**8. SUBROGATION ☞23(2)—PERSONS MAKING ADVANCES FOR DISCHARGE OF LIEN.**

One loaning money on a deed of trust, which was used in paying off a builder's and mechanic's lien, was subrogated to all the rights of the holders of the builder's lien.

On Motion for Rehearing.

**9. PRINCIPAL AND AGENT ☞23(1)—TRANSACTIONS CONSTITUTING AGENCY—OPINIONS OF PARTIES.**

One who made a loan for plaintiff, saw her lawyer for her, and had him draw the deed of trust and pass on the title, and received from him his written opinion as to the title, was plaintiff's agent in making the loan, though he was also agent for the borrowers in obtaining the loan, and though he and plaintiff both testified that there was no agency, as their conclusions could not destroy the relation shown by their acts.

**10. APPEAL AND ERROR ☞637—BILL OF EXCEPTIONS—AIDER BY STATEMENT OF FACTS.**

Where a bill of exceptions was imperfectly drawn, so that it did not show or even state as a conclusion that the testimony of a witness who violated the rule was material, it could not be aided by reference to the statement of facts.

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by Frieda Furtner against S. E. Dowdy and others. From a judgment for plaintiff, the defendant named and his wife appeal. Affirmed.

Wm. H. Russell, of San Antonio, for appellants. McAskill, Simmang & Mauermann, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellants, S. E. Dowdy and Kate Dowdy, Henry Borchers and wife, Katherine Borchers, the First National Bank of Pleasanton, Neta I. Henderson, M. Coppard, trustee in bankruptcy of the estate of Henry Borchers, and the Platter Tobacco Company, to recover on a promissory note executed by Borchers and wife to appellee for $2,300, and to foreclose a deed of trust executed to appellee by Borchers and wife on two certain lots in the city of San Antonio. It was also alleged that appellants had executed and delivered to H. C. Jones a promissory note for $3,000, which was secured by a builders' lien on the two lots on which the deed of trust was given; that the note was paid off and discharged by money obtained on the note and deed of trust hereinbefore described; and it was provided in the deed of trust that the note for $2,300, on which this suit is based, should be secured by the builders' lien as well as by the mortgage lien. Appellee sought a foreclosure of both liens. The Borchers sought to prevent their personal liability on the note by setting up the bankruptcy proceedings as to Henry Borchers. Coppard, trustee, and the First National Bank disclaimed any interest in the suit and were dismissed, with their costs. No answer of Neta I. Henderson is found in the record, but judgment was rendered that she recover nothing on her claim, and she does not complain. In an amended answer, Kate Borchers alleged that since the filing of this suit she had been divorced from Henry Borchers, and sought to be relieved from any personal liability on the note.

The appellants answered that the $3,000 note was barred by limitation of four years; that the builders' lien had been discharged; and that, if appellee paid said note of $3,000, she acted as a volunteer, and discharged the debt and lien. It was alleged that appellants had, on or about April 2, 1914, executed a deed to the property in question to the Borchers, a recitation in the deed showing that the Borchers had paid $4,000 in cash for the land, when in truth and fact the real consideration was a promise on the part of the Borchers to convey to appellants a certain tract of land containing 174½ acres, in Atascosa county; that the deed to the Borchers was placed in the hands of W. A. Wurzbach, who was, by agreement of all parties,

to hold the deed in escrow until the Borchers should secure the release of a lien on the Atascosa county land, and execute a deed to the same in favor of appellants; that the lien was held by the Hermann Sons Lodge, and the Borchers executed a deed to appellants to the land in question, and placed the same in the hands of W. A. Wurzbach, to be delivered to appellants when the lien was released; that before securing the release, and without the knowledge or consent of appellants, the Borchers obtained possession of the deed made by appellants and recorded the same, and, no release of the lien on the Atascosa county land having been obtained, it was sold for the debt resting upon it. It was further alleged that appellants were in actual possession of the lots conveyed by the deed at the time the note and deed of trust was executed by the Borchers to appellee, which gave notice to appellee and put her upon inquiry as to appellants' claim to the land. A writ of sequestration was sued out by appellee against the land. The court heard the cause without a jury, and rendered judgment in favor of appellee for her debt against Henry Borchers, and foreclosed her mortgage lien as against all of the parties defendant, and ordered a sale of the land, any excess obtained for the land over and above the debt, interest, attorneys' fees, and costs to be paid over to the Borchers. This appeal is prosecuted by the Dowdys alone.

The facts show that the note and deed of trust were duly executed by the Borchers to appellee; that a deed was on record to the lots executed by appellants to the Borchers, which recited full payment of the purchase money, and appellee had no notice, either actual or constructive, of any claim that appellants had to the land. There are facts tending to show that the deed to Borchers was not put in escrow with Wurzbach, but appellants took possession of the land in Atascosa county and gave a lien on it to Lane, after appellants knew that their deed had been delivered to Henry Borchers. S. E. Dowdy, prior to the time the deed was delivered to Borchers, obtained possession of notes which he and wife had executed to the Borchers. Appellants were not in possession of the property in controversy when the note and deed of trust were executed, but Mrs. Dowdy showed appellee through the house when appellee was considering the question of a loan to the Borchers. The deed of appellants to the Borchers was placed on record before the note and deed of trust were given by the latter to appellee, and appellants had actual knowledge that the deed had been delivered to the Borchers and had been placed on record. The two lots in controversy were placed by appellants in possession of the Borchers on the day the note and deed of trust were executed by them to appellee. The deed to the Borchers was re-corded on May 9, 1914, and the note and deed of trust were executed on June 9, 1914. The condition of the loan to the Borchers was that appellants were to give possession before the money was paid, and they gave the possession demanded. The money was loaned to the Borchers to pay off a builder's and mechanic's lien placed on the lots and improvements, and was used for that purpose.

[1, 2] The first assignment of error assails the action of the court in refusing to permit Mrs. Dowdy to testify "that she would have told the plaintiff that she claimed the property as her homestead, and that these defendants would not turn it over to the Borchers until they got a release from the Hermann Sons, as the deeds had been left in Mr. Wurzbach's office for that purpose, had the plaintiff told said defendant at the time plaintiff inspected the property with Mr. Feldman prior to making the loan that she, the plaintiff, was going to make a loan on the property to the Borchers." The testimony was self-serving, hypothetical, and clearly inadmissible; but, if it had been admitted, it would not have been of any consequence, because in response to a request of appellee, made through Feldman, possession of the place was surrendered before the loan was made, and he was not informed of any facts that would impair the title of the Borchers to the land. After calmly moving off the land when requested, without protest or notice of any kind of any claim to land to which they had given a warranty deed which they knew was on record, appellants are estopped to state what they would have said if certain questions had been asked them. It was incumbent on appellants to notify appellee of their claim to the land, and not remain silent, and surrender possession of the land, when they knew that money was being loaned on the strength of their warranty deed, which money was to be used in extinguishing a lien that was superior to all other claims to the land. The assignment is overruled.

[3] The second assignment of error complains of the action of the court in permitting H. C. Feldman to testify, although the rule had been enforced as to the other witnesses and he had remained in the courtroom and had heard the testimony of the other witnesses. It does not appear from the bill of exceptions that Feldman testified to any material facts in the case, and it is not claimed in the bill of exceptions or the assignment of error that appellants were injured by the testimony. As stated by this court in Railway v. Pacheco, 185 S. W. 1051.

"It is well settled that it is within the sound discretion of the trial court to permit a witness, who has violated the rule of exclusion from hearing the testimony of other witnesses either directly or through another, to testify, and the action of such trial judge will not be reversed unless there is a clear abuse of such discretion."

In this case, as in the cited one, the trial was had without a jury, and the rule as to discretion would apply with even greater force than in a jury trial. There is nothing to indicate that there was any abuse of the discretion given the trial judge.

[4, 5] The assignments of error, from the third to the eighth, inclusive, are overruled. There was testimony which tended to show that the deed executed by appellants was not placed in escrow, and, if it had been so placed, appellants waived the escrow by not objecting to the delivery of the deed, but acquiesced in such delivery and surrendered possession of the property conveyed by it. Their acts were such as to estop them from setting up the escrow, even if appellee had been notified of their claim. She had no notice of the private agreement between appellants and the Borchers, and appellants' acts were such as to lead every one to believe that they had delivered the deed and had received full consideration for the land. They knew that the deed had been delivered and recorded, and yet they made no effort to notify appellee or any one else of their claim, and it would be inequitable and unjust to permit them to press a claim after appellee's rights have become involved through their silence when they should have spoken. If the papers were left in escrow, the agreement was violated and destroyed by the acts of S. E. Dowdy in returning and carrying off notes executed by him and a note executed by the Borchers. If there was any agreement as to escrow, it was put aside by both parties taking their respective deeds. A claim of homestead in property conveyed by warranty deed, which was duly recorded and the property surrendered to the vendee, is totally without foundation, so far as innocent purchasers are concerned.

[6] There is no foundation whatever for the claim that the knowledge of W. A. Wurzbach as to the agreement between appellants and the Borchers as to the deeds being placed in escrow, because the knowledge of appellee when she afterwards employed him to pass upon the title of the Borchers to the land. The fact that the attorney pronounced the title regular was sufficient to cause appellee to be satisfied therewith, and it was not shown that Wurzbach ever talked with appellee and communicated to her any facts in connection with the deed to the land, except in so far as his representation that the deed conveyed title to the land.

[7] The tenth assignment of error is overruled. The court properly overruled the motion to quash the writ of sequestration. There is no inconsistency in the allegation in the application for sequestration of the property "that plaintiff fears the defendants, S. E. Dowdy and wife, Katie C. Dowdy, the persons in possession of such property, will make use of such possession to injure such property and convert to their own use the rents, fruits, and revenues thereof." Appel-lants might very consistently have been guilty of both acts about which fears were expressed. The case of Clark v. Elmendorf, 78 S. W. 538, is not in point. In that case two' distinct acts were alleged disjunctively. They were clearly inconsistent.

The eleventh assignment is but a reiteration of other assignments, herein disposed of, and is fully answered by our conclusions of fact.

[8] We do not think that limitation had run against the mechanic's and builder's lien, which was made the basis of the deed of trust. The facts make out a clear case of subrogation in favor of appellee of all the rights of the holders of the builder's lien.

The judgment is affirmed.

### On Motion for Rehearing.

[9] Appellants seem to labor under the mistaken idea that where an agent or principal, or both, deny agency, it must be taken that there was no agency; which is not the law. The check for the Borchers was placed in the hands of Feldman by appellee, and he made the loan for her. He represented her in making the loan, and his conclusions and those of appellee as to agency could not destroy the relation of principal and agent as shown by their acts. Feldman may have been representing the Borchers in procuring the loan, but he was also representing appellee in making it. He went to see her lawyer for her, and had him to draw the deed of trust and pass on the title. The written opinion as to the title was given by the attorney to Feldman and not to appellee.

It is preposterous to contend that appellants did not have an opportunity to tell appellee that they claimed the land. They knew that their warranty deed to the Borchers had been recorded, they knew that appellee was looking at the house and property for some purpose, and if they had' any claim to the land they should have asserted it. Their mouths were closed of their own volition, and nothing could have prevented them from making their claim had they so desired. What one or both of them would have said if some one had told them a certain thing of course was not evidence. The fact remains that they set up no claim to the land until they realized they had made a bad trade. There was nothing to put appellee upon notice that appellants were claiming the property, but when they were requested to surrender possession before the loan was made they promptly surrendered it. Appellee, through her agent, not only made inquiry, but demanded a surrender of the property before the loan was made. There was nothing to put appellee upon notice as to any claim except possession and that was promptly removed.

[10] Appellants fail to comprehend the ruling of this court as to Feldman's testimony. This court did not hold that Feldman's testimony was not material, but that it did "not

appear from the bill of exceptions that Feldman testified to any material facts in the case." This court held that the bill of exceptions was not so framed as to show that the testimony was material. The difference in the two statements is apparent. The bill of exceptions fails to show what Feldman swore to or to even state the conclusion that it was material. The bill of exceptions was imperfectly drawn, and could not be aided by a reference to the statement of facts. Appellants' contention amounts to a claim that a reversal should follow if a witness not under the rule is permitted to testify whether his testimony was material or not. The matter was within the sound discretion of the court, and it was not abused.

The loan was not made until the premises were vacated by appellants, whether that vacation took place on June 9 or 10. Feldman swore positively that he "did not negotiate the loan while they were in possession." He was acting as the agent of appellee. She made her check payable to him, and he gave checks for the different sums held against the property.

This is a plain and simple case, and nothing should probably have been written in reply to the intemperate motion for a rehearing. The motion has constructed an imaginary case not borne out by law or facts, and upon that supposititious case places its long and none too respectful demand for a rehearing. This court has based its opinion upon the testimony of the witnesses of appellee, following the verdict of the jury, as in duty bound it was compelled to do, and that testimony fully sustains the verdict and judgment.

There is no merit in the motion for rehearing, and it is overruled.