GILROY et al. v. ROWLEY et al.   (No. 924.)

(Court of Civil Appeals of Texas.   El Paso. March 13, 1919.)

1. VENDOR AND PURCHASER ☞232(9)—BONA FIDE PURCHASER—TENANT IN POSSESSION.

Where purchasers knew that defendants, as lessees, were in actual possession of premises and cultivating the land, they were put on notice of the extent of defendants' rights therein.

2. SEQUESTRATION ☞21 — WRONGFUL SEQUESTRATION—DEFENSE.

Where in trespass to try title it was determined that plaintiff's writ of sequestration was wrongfully issued and served, the taking of the property under such writ amounted to a conversion, and it was no defense to defendant's claim in reconvention for damages for wrongful sequestration that defendants were given an opportunity to harvest all crops that they had seeded and cultivated as lessees of the premises, for defendants had a right to refuse such offer.

3. TRESPASS TO TRY TITLE ☞39(3) — EVIDENCE—ADMISSIBILITY.

In an action by purchasers in trespass to try title to obtain possession from vendor's lessees, the written lease was admissible to support defendants' right to possession.

4. APPEAL AND ERROR ☞544(1)—BILL OF EXCEPTIONS—OVERRULING MOTION TO STRIKE EVIDENCE.

Where the action of the court in overruling a motion to strike out evidence is not evidenced in the record by any bill of exceptions, the question cannot be reviewed.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by Helen Gilroy and husband against R. E. Rowley and another. From judgment for defendants, plaintiffs appeal. Affirmed.

Edward L. Medler and Fred Knollenberg, both of El Paso, for appellants.

Brown & Wilchar, of El Paso, for appellees.

HARPER, C. J.   Helen Gilroy and her husband, J. T. Gilroy, brought this suit against R. E. Rowley and N. Thayne, in the form of trespass to try title to certain lands described, and sued out writ of sequestration and took possession. Defendants answered by plea of not guilty. General denial, and reconvened for damages for wrongful sequestration. Submitted to a jury by special issues, and upon the verdict, judgment was entered in favor of defendants for $397.40 actual damages and $200 exemplary. From which this appeal.

Statement of the Case.

Mrs. E. C. Mundy, being the owner of the premises in controversy, on September 27, 1916, executed a written lease to defendants N. Thayne and R. E. Rowley, for one year from the date thereof, for cultivation, etc., when in fact it was intended that the lease should begin October 17, 1916, and expire October 17, 1917. On November 7, 1916, plaintiff purchased the premises with knowledge of the written lease.

[1] The writ of sequestration was served October 10, 1917. The jury found that it was the intention of the parties, at the time

the lease was executed, that it should run from October 17, 1916, to October 17, 1917, and that the time fixed in the writing was put in by mutual mistake. By the first, second, third, and eighth assignments of error, it is urged that the said findings are not a proper basis for judgment for defendants upon their plea in reconvention; because there is no evidence that plaintiffs had notice that the lease expired October 17th, instead of September 17th, as shown by the writing. There is positive evidence in the record that plaintiffs had notice that the time limit of the lease had not expired. Besides they were put on notice of the extent of defendants' rights by the fact that they were in actual possession of the premises, cultivating the lands. Wilson v. Clemmons, 170 S. W. 855; Miller v. Flattery, 171 S. W. 253; Pipkin v. Ware, 175 S. W. 808; Bounds et al. v. Little, 75 Tex. 316, 12 S. W. 1109.

The fourth charges error in refusing to submit the question:

"Did plaintiffs, or either of them, have any knowledge of the fact that the lease should run from October 17, 1916, to October 17, 1917?"

Is answered by the holding next above. The defendants being in actual possession under contract antedating plaintiffs' deed, the latter were chargeable with notice thereby.

[2] The fifth is that the court erred in refusing to submit the question:

"Were defendants given an opportunity to harvest all crops that they seeded and cultivated during the term of the lease in evidence?"

It having been determined that the writ of sequestration was wrongfully issued and served, the taking of the property amounted to a conversion, and the defendants had the right to refuse the offer. Crawford v. Thomason, 53 Tex. Civ. App. 561, 117 S. W. 181.

There is no merit in the tenth, which asserts that there is no evidence to support the finding of the jury that the plaintiff did not have probable cause to believe that the lease expired on September 27, 1917.

[3] The admission of the written lease in evidence was proper because it was a necessary item of defendants' evidence in support of their claim for damages, in that it evidenced their rights to possession of the premises.

In answer to the twelfth and thirteenth: It was not error for the court to submit the question of exemplary damages under the facts of this case, and the verdict is supported by the evidence.

[4] The fourteenth reads:

"The court erred in overruling and denying the plaintiffs' motion to strike out certain testimony admitted over the objections of plaintiffs. Said testimony being set out in said motion to strike out the same in paragraphs (a), (b), (c), (f), (g), (h), and said motion is now referred to and made a part hereof."

The action of the court is not evidenced by any bill of exceptions so far as this record discloses, without which we cannot review the questions presented.

Finding no error in the record, the assignments are overruled, and cause affirmed.