KINDLE et al, Appellants, v. FIRST NATIONAL BANK OF WINNER, Respondent.

(195 N. W. 829.)

(File No. 5387.   Opinion filed November 15, 1923.)

**1.  Evidence—Trial—Letter Collateral to Real Issue Properly Admitted Without Identifying the Signatures.**

Where the purpose of admitting a letter was solely to identify a mortgage, introduced to show that plaintiff erred in fixing the date of its execution, being collateral to the real issue whether plaintiff had paid a note, it was admissible without identifying the signatures of the writer.

**2.  Evidence—Letter in Answer to an Application for a Loan Held Admissible, Without Identifying the Signatures.**

Where a witness testified without objection that he made an application for a loan and that a mortgage and a letter were received in reply, the letter was admissible without proof identifying the signatures of the writers.

**3.  Bills and Notes—Mortgages—Letter Held Material on Question of Payment.**

Where plaintiffs testified that on February 27 they made a payment to a bank on a note and then executed a new note and mortgage, a letter from the party making the loan to the bank transmitting the mortgage and dated February 28 was material.

Appeal from Circuit Court, Tripp County; Hon. N. D. Burch, Judge.

Action by Eliza Kindle and another against the First National Bank of Winner. From a judgment for defendant and an order denying a new trial, plaintiffs appeal. Affirmed.

*P. A. Hosford,* of Winner, for Appellants.

*Hannett & Hannett,* of Winner, for Respondent.

GATES, J.   The important issue in this case was whether plaintiffs had paid defendant bank a note of $2,500. Upon conflicting evidence the jury found that it had not been paid and returned a verdict for the bank. From the judgment and order denying new trial, plaintiffs appeal.

Both plaintiffs testified that they went to the bank on February 27, 1920, after banking hours, and made the payment in currency, and that thereupon the president of the bank prepared and they executed a note and mortgage for $5,500. This mortgage

was dated February 28, 1920, and was acknowledged March 10, 1920. The testimony on the part of the bank tended to show that it was executed on March 10 and not on February 27. It appeared that the note and mortgage had been prepared in Rock Island, Ill., pursuant to a written application for a loan theretofore made by plaintiffs and sent by the bank to Rock Island. The mortgage was offered in evidence for the purpose of showing that plaintiffs erred in fixing the date of the execution of this mortgage as February 27. It was received without objection. At the same time a letter purporting to come from the Rock Island people to the president of the bank, dated February 28, 1920, and referring to the mortgage as being sent therewith was offered in evidence. This was objcted to as immaterial and that no foundation had been laid. The overruling of this objection is the only alleged error that is argued by appellants' counsel.

[1, 3] From the record we do not think that the court erred in admitting this letter in evidence without proof identifying the signatures of the writers. In the first place, the purpose for which the letter was offered was a collateral matter to the real issue. In the next place, the bank president had testified without objection to a course of business with the Rock Island people in the matter of loans made through him; that he sent appellants' application for a loan to them, and that the mortgage and letter were received in reply to that application. As to the materiality of the letter, the very argument that appellants' counsel advances in support of the contention that the receipt of the letter constituted prejudicial error refutes his argument that it was not material.

The judgment and order appealed from are affirmed.

Note.—Reported in 195 N. W. 829. See, Headnote (1), American Key-Numbered Digest, Evidence, Key-No. 378(1), 22 C. J. Sec. 1148; (2) Evidence, Key-No. 378(1), 22 C. J. Sec. 1161; (3) Bills and notes, Key-No. 511, 8 C. J. Sec. 1355.