WESTERN UNION TELEGRAPH CO. v. SHARP. (No. 3538.)

Court of Civil Appeals of Texas. Texarkana. March 29, 1928.

1. Evidence ⊜⟹357—In action for erroneous transmission of telegram message delivered held admissible, notwithstanding plaintiff's statement that it was copy.

In action against telegraph company for damages resulting from error in transmitting message, instrument purporting to be message as delivered *held* admissible, notwithstanding that plaintiff, on cross-examination, stated instrument was "just a copy," where bill of exceptions did not show that there was not other evidence showing instrument offered was one delivered and not copy.

2. Appeal and error ⊜⟹544(1)—Ruling on motion to strike evidence cannot be reviewed, in absence of bill of exceptions.

Unless action of court on motion to strike out evidence is evidenced by bill of exceptions, question made by ruling thereon cannot be reviewed on appeal.

3. Evidence ⊜⟹378(2)—In action for erroneous transmission of telegram, letter from defendant's division general manager held admissible without proof of signature.

In action against telegraph company for damages from erroneous transmission of message, letter from defendant's division general manager declining plaintiff's claim on ground plaintiff had waived rights to claim against company *held* admissible without proof of writer's signature, since it was relevant to controversy,

and purported to have been written by litigant in reply to letters written by him.

4. Telegraphs and telephones ⊜⟹66(2)—In action against telegraph company for error in transmitting price of cows, defendant's letter rejecting plaintiff's claim because he sold cows for less than value held admissible.

In action against telegraph company for error in transmission of message in stating price of cows, letter from defendant rejecting plaintiff's claim on ground that he waived right to make claim by selling cows at less than actual value *held* admissible as against contention that letter was mere negotiation leading to attempted settlement, and was not binding on defendant as admission.

5. Interest ⊜⟹39(3)—Plaintiff, recovering judgment against telegraph company for error in stating price of cows in message, held entitled to interest from date of judgment, but not from date cows were sold.

In action against telegraph company for error in transmission of message in stating price of cows, plaintiff is not entitled to recover interest on judgment from date cows were sold, but may recover interest from date of judgment.

6. Costs ⊜⟹238(2)—Appellant having made no complaint in court below if excessive interest allowed, costs will be taxed against him, notwithstanding modification reducing judgment.

Where appellant made no complaint below of excessive interest included in judgment, modification on appeal reducing such allowance of interest will not relieve appellant of costs.

Appeal from District Court, Hunt County; Grover Sellers, Judge.

Action by Ed Sharp against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Appellee and one B. B. Berdo were dealers in cattle—appellee at Wolf City, Tex., and Berdo at Washington, Iowa. May 27, 1926, appellee, who before that time had sold and shipped cattle to Berdo, delivered to appellant at Wolf City a message for transmission and delivery to Berdo at Washington as follows:

"Can furnish car of real Jersey cows, three to seven, recommended to be fresh in June, July, Aug. Looks like they will average with last load or better at fifty dollars. Can load out in next few days."

In the message as delivered to Berdo the word "fifty" had been changed to "twenty." May 28, 1926, Berdo, in reply to the message, wired Sharp as follows:

"Ship as soon as you can load of cows three to seven years old as you described them in your night letter of May 27. Let me know just when you can get them out, as I have an order for them."

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

June 2, 1926, appellee shipped the cattle (36 head) from Wolf City, and on the same day sent a bill of lading covering the same, with his draft on Berdo for $1,792.50, the purchase price of the cattle, attached, to a bank in Washington. June 7, 1926, Berdo wired Sharp as follows:

"Car cows and draft arrived to-day. Cows not as described. Unable to understand amount of draft. Your telegram May twenty-seventh quoted cows twenty dollars. These cows don't suit me and cannot use at amount of draft. Advise by wire what to do with cows."

June 8, 1926, appellee, in reply wired Berdo as follows:

"Telegram went out from here pricing cows at fifty dollars. Get them on pasture until I get there."

Leaving Wolf City at once after he so wired Berdo, appellee reached Washington June 10, 1926, and found that Berdo, in compliance with his request, had unloaded the cattle, and was holding them in a pasture. After inquiry to ascertain the value of the cattle on the market at Washington, appellee sold them to Berdo for $35 a head. Later appellee commenced this suit against appellant to recover as damages $540, the difference in the value of the cattle at $50 a head and their value at $35 a head, and $164.97, the expenses of his trip to Washington and time lost in making same. It appears in the record that in response to special issues submitted to them the jury found as follows: (1) The actual value of the cows when they arrived at Washington was $50 per head. (2) Appellee exercised "reasonable diligence and ordinary care in getting the best price he could for the cattle under the circumstances." (3) Berdo would have accepted the cattle and paid $50 per head for same had the telegram from appellee as delivered to him stated $50 per head. (4) The message from appellee offering to sell the cattle to Berdo was written on the "standard telegram blank," which, it seems, contained a stipulation limiting the amount the sender might recover for a breach of the contract it evidenced to $500. (5) The expenses of the trip to Washington reasonably incurred by appellee amounted to $100. (6) The reasonable value of the time he lost in making the trip was $30. The findings warranted a judgment for $670 in appellee's favor, but, because of the stipulation limiting the amount recoverable under the contract, the judgment rendered was for only $500 and interest from July 11, 1926, the day appellee sold the cattle after he reached Washington.

Wm. H. Pippen and John W. Miller, both of Dallas, and Francis R. Stark, of New York City, for appellant.

Clark & Clark, of Greenville, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It appears from a bill of exceptions in the record that, when appellee offered as evidence an instrument in writing purporting to be the message he sent May 27, 1926, as it was delivered to Berdo, and to be an offer to sell the cattle at $20 a head, appellant objected thereto on the ground that appellee on his cross-examination as a witness in his own behalf had stated that the instrument was "just a copy." If the ruling was erroneous, the fact that it was does not appear from the showing in the bill of exceptions. For anything to the contrary appearing therein, other evidence before the court may have overwhelmingly shown that the instrument was the one delivered to Berdo, and not a copy thereof, in which event it is plain it would have been error to sustain the objection on the ground stated. San A. & A. P. Ry. Co. v. Lester (Tex. Civ. App.) 84 S. W. 401; Id., 99 Tex. 214, 89 S. W. 752; Dowdy v. Furtner (Tex. Civ. App.) 198 S. W. 647; Mercer Dry Goods Co. v. Fikes (Tex. Civ. App.) 211 S. W. 830; St. L. S. W. Ry. Co. v. Demsey, 40 Tex. Civ. App. 398, 89 S. W. 786.

[2] After the instrument above referred to was admitted as evidence, appellant, in a written motion, asked the court to strike it out, together with other testimony, and complains here that its motion was overruled. Appellant has not referred us to, and we have not found in the record, anything sufficiently showing that the court acted on the motion at all. It is held that, unless the action of the court on such motion is evidenced by a bill of exceptions, the question made by the ruling thereon cannot be reviewed on appeal. Gilroy v. Rowley (Tex. Civ. App.) 210 S. W. 623; Holt v. Cave, 38 Tex. Civ. App. 62, 85 S. W. 309.

[3, 4] Over appellant's objection thereto, the court admitted as evidence a letter appellee as a witness testified he received from appellant, as follows:

"Western Union Telegraph Company,
"Incorporated.
"Gulf Division.
"F. A. Mohr, General Manager.

"Dallas, Texas, August 4, 1926.

"Mr. Ed Sharp, Wolf City, Texas—Dear Sir: Your claim for $675.00 must be respectfully declined for the reason that our investigation shows the cows were worth $50.00 apiece, and therefore, when you compromised with Mr. Berdo by accepting $35.00 apiece, you waived your rights to claim against the telegraph company. * * *

"Yours truly,
"[Signed]   F. A. Mohr,
"General Manager, Gulf Division."

The grounds of the objection were that "the writer's signature to the letter was not proven up, and said letter, if written by an authorized agent of the defendant, Western Union Telegraph Company, was a mere negotiation between the parties leading up to

an attempted settlement between the parties, and was not binding upon the company as an admission of any kind."

The letter purported to be with reference to a claim for damages appellee had made on appellant, and we think should be treated as within the rule admitting as evidence without proof of the execution thereof letters received through the mails relevant to a controversy, and purporting to have been written by a litigant in reply to letters written to him. Sealy Cotton Co. v. Gustafson (Tex. Civ. App.) 258 S. W. 911; Reliance Life Ins. Co. v. Russell, 208 Ala. 559, 94 So. 748; Hulsey v. Kiser Co., 21 Ala. App. 123, 105 So. 913; Eveland v. Lawson, 240 Mass. 99, 132 N. E. 719; Kindle v. Bank, 46 S. D. 645, 195 N. W. 829; 22 C. J. 908, and cases there cited.

[5, 6] The objection was plainly not tenable on the other ground thereof. Other contentions are made in appellant's brief, but we think none of them show error requiring a reversal of the judgment. In fact, as we construe the evidence, it conclusively appeared that the telegram delivered to appellant for transmission to Berdo was an offer to sell the cattle to him at $50 per head, while as delivered to Berdo the telegram was an offer to sell same to him at $20 per head, and further so appeared that the mistake resulted in damages to appellee in the sum exceeding the amount he recovered. We think it would not have been error had the court instructed the jury to return a verdict in appellee's favor for $500. But we think appellee was not entitled to recover interest on the $500 from July 11, 1926, the date the cattle were sold, and that the judgment is erroneous in that particular. It will be so modified as to limit the recovery by appellee to $500 and interest thereon from April 27, 1927, its date, and as so modified, will be affirmed. No complaint of the judgment in the respect it has been determined to be erroneous having been made in the court below, the costs of the appeal will be adjudged against the appellant.